IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

RECEIVED
JUN 27 2016
CLERK, U.S. DISTRICT COURT
DISTRICT OF MONTANA
HELENA

Larry Skogen
Jace Skogen
    Plaintiff,

vs.
David Kosola
Austin Hecker
Steve Haddon
State of Montana
    Defendants.

COMPLAINT

Jury trial demanded

CV·16·50·H·DLC·JTJ

## COMPLAINT

### I. JURISDICTION

Jurisdiction is asserted under 28 U.S.C. § 1331 because it raises a civil rights claim against a state or local government employee or entity under 42 U.S.C. § 1983

### II. PARTIES TO CURRENT LAWSUIT

A. Plaintiff Larry Skogen is a citizen of Montana, presently residing at 144 Edwards Addition Whitehall Mt. 59759 who can be contacted at (406)490-6112

Plaintiff Jace Skogen is a citizen of Montana presently residing at 144 Edwards Addition, Whitehall Mt. 59759; who can be contacted at (406) 565-8755

B. Defendant David Kosola is a citizen of Montana, employed as a Deputy for the Jefferson County Sheriff's Office.

Defendant Austin Hecker is a citizen of Montana employed as a Reserve Deputy for Jefferson County Sheriff's Office.

Plaintiffs last Name__Skogen____            page 1 of 6

Defendant Steve Haddon is a citizen of Montana and employed as Jefferson County Attorney

### III. STATEMENT OF CLAIMS

Count I : Deputy David Kosola violated Larry's first amendment right by arresting him for telling his nephew that he did not have to provide a breath sample. He arrested me under the authority of MCA 45-7-302 obstructing a peace officer. Deputy Hecker violated Jace First amendment right for arresting him for telling him he would not provide a breath sample.

1. Statement of supporting facts

On June 28 of 2013 Larry Skogen was attending the Headwaters Country Jam along with his wife Kathy Skogen, his son Jace Skogen, S. M. (Jace Skogen's friend), his two nephews J.R. and E.R. The Skogens were camped there for the event. Head waters country Jam is a three day event with over a 1000 campsites. Each campsite area is 20' x40' and plotted side by side in columns and rows. The campsites for this event were nearly sold out. Most if not all campsites have beer cans and stuff strewn about. Additionally people attend the concerts with out camping, which can bring total attendees to over 10000.

at or about 7:50 p:m officer Hecker entered a campsite were Jace, some of his friends and his cousins were visiting other people. Upon entering the camp officer Hecker Immediately order everyone to stay, called for backup and began asking people to provide breath samples. The first person he asked was J.R. (Jace's cousin). J.R. refused and saying he did not have to and that o one had to. Hecker then placed J.R. In handcuffs and set him down on the ground arresting him for obstructing and Mip.
Hecker then noticed T.S. making a phone call to his dad. Hecker came and took the phone from T.S. Saying he could not make calls.
At or about this time other officers arrived.
J.R. stood up and stated that T.S. Had a right to call his dad. Two officers slammed J.R. to the ground and another officer piled on kneeing him and driving his head to the ground. They then placed him in the back of a patrol car. T.S. Was asked by an officer to provide a breath sample, he refused and was sited for obstructing and Mip. He was placed in back of a patrol car.
Jace and some of the other people yelled out at the officers to get off of J.R. at this point officer Hecker approached Jace and requested his name, and to comply with a breath sample. Jace refused and requested his parents. Hecker placed handcuffs on Jace and placed him in a patrol car arresting him for obstructing and Mip. Jace sat in the patrol vehicle handcuffed for a long period of time. Officer hecker finally came back to Jace with Jace's mother Cathy. This was after his dad had been arrested and released. When Officer Hecker uncuffed Jace he took a knife and cut off Jace's wrist band leaving him with no access to the concert. Jace was the only person in the campsite to have his wrist band cutt off.
S.M. Was asked by an officer for ID S.M. Told the officer that his ID was in his car. The officers then went with Him to his car at the edge of the campground
at or about 8:10 pm on June 28 Larry noticed two Officers walking with S.M. (15 years old) by in front of his campsite. Larry approached the officers and asked what was going on because S.M. was staying with the Skogens. Officer Brunett explained to Larry that S.M. was at a campsite where it appeared to be underage drinking and that he was taking S.M.back to give him a breath test. Larry asked the Officer if he had seen S.M. drinking and driving. The officer said no. Larry told the Officer that he could not require a breath test as there is no complied consent without driving and that he would have to get a hold of S.P. parents to see what they wanted to do. The officer insisted we go back to the camp site and said Larry was welcome to come along.

When they reached the campsite there was several Officers and patrol cars around. Officer Brunett, Larry and S.M. Stopped in the alley way between campsites. Larry noticed an Officer (later identified as officer Hecker) trying to give his nephew E.R. (14 years old) a breath test on the far side of the campsite. Larry yelled over to his nephew and asked if he had gotten a hold of his parents yet. E.R. shook his head no. Larry told E.R. that he didn't have to do anything but give his name and request his parents. Officer Brunett told Larry that he could not say that. Larry explained to the officer that E.R. was his nephew and was staying with them. Larry said they could not require him to provide a breath sample. Officer Brunett asked Larry to leave. Larry started to leave but could still see an Officer trying to force E.R. into providing a breath sample. Larry stopped and reiterated that it is E.R. Constitutional right to refuse. Somewhere around this point Officer Kosola stepped in and told Larry to leave. Larry told Kosola that the Officers are breaking the law and violating the kids Rights. Larry then said that E.R. Was his Nephew, staying with him, under his care and in the absence of E.R. parents that he would advise him.

Officer Kosola then arrested Larry for obstructing a peace Officer 45-7-302 MCA, placed Larry in handcuffs and into the back of a patrol car. Kosola also told Larry he was going to take away his wristband(concert ticket). After awhile Larry was taken out of the car and was required to post bond or go to jail. Kathy Skogen wrote a check on site. Larry was then told he was to leave the area.

Because Officer Kosola had told Larry that he was going to cut off his wristband. When Larry was leaving the camp site he told officer Kosola that he could not take his wrist band as it was private property. Larry also told Kosola that he would press charges and file civilly if he did. Kosola did not take Larry's wrist band.

Jace Skogen (Larry's Son, and Larry was not informed of Jace's arrest) had been arrested at the campsite and when he was released to Kathy Officer Hecker cut off his wristband. This was the only wristband taken from the minors at that site. Larry, Kathy and Jace went to find the officers to get a new the wristband. The officers first argued with Larry saying they didn't have to give one back. A long time passed and they finally agreed after Larry called and complained to the Sheriff's office.

The officers did not have access to tickets and by the time they reached a person from the headwaters country jam that could give a ticket, the last song was being played, making the Skogens miss the concert for the evening.

Larry went on to trial at justice court and argued among other things that the obstructing statue was vague and over broad. Larry lost at a bench trial and appealed denovo to district court.

There Larry again argued that the statue was vague and overly broad. The States attorney Steve Haddon offered Larry a plea to disorderly conduct and asked Larry if he was a "busy man" Larry refused the plea.

In the States response to Larry's motion, under argument they stated that "he admits to the conduct giving rise to the charge in this case. Specifically, Defendant admits he told his nephew E.R. "he didn't have to do anything but give his name."". Additionally the state argued MCA 45-7-302(2) "it is no defenses to a prosecution under this section that the peace officer was acting in an illegal manner, provided that the peace officer was acting under the peace officer's official authority."

The Fifth Judicial Court was not going to rule on motions until after trial. Larry moved to have the court rule by pretrial (set for June 4, 2014). Steve Haddon called and left a message on Larry's phone late afternoon of June 3 saying he was dismissing the Charge of obstructing a peace officer, stating that it was in the interest of justice. An order was signed on June 4 dismissing the charge.

On June 13 the State filed a motion requesting the court to not rule on Larry,s challenge to the constitutionality of MCA 45-7-302, stating mootness. A ruling was never issued

Jace Skogen was arrested and given a citation for obstructing a peace officer (refusal of breath sample) and Mip. He along with his parent Larry appeared in justice court Jace entered a plea of not guilty and the justice of the peace set a hearing schedule for the Mip. The court then dismissed the charge without prejudice for lack of jurisdiction to the obstructing charge. The Sate moved to have Jace appear in District court for the charge of Mip. on initial appearance Judge Tucker did not allow any parent to talk. Also the Court decided that attorneys would not be appointed because of no jail time. This left Jace along with three others on there own without the benefit of a parent or attorney. Jace could not afford an attorney so along with his dad's help filed motions to seperate from the others, suppress and dismiss. The charge was finally dismissed in December 2013, with a motion by the County Attorney stating insufficient evidence. Larry was summoned along with Jace and Larry

was required to appear at all hearings.

E. R.(14yr. old nephew of Larry) was given a citation for MIP 45-5-624 MCA. He was also Given a Citation for obstructing a peace officer (refusal of preliminary breath test) 45-7-302 MCA. E.R. parents were never called and he was released on site to Larry and Kathy Skogen. E.R. was never prosecuted for 45-7-302 MCA and the charge of 45-5-624 MCA was finally dismissed in December of 2013, with a motion by the County Attorney stating insufficient evidence.

J.R. (17 yrs old. Larry's nephew) J.R.was arrested placed in handcuffs, charged with MIP 45-5-624 MCA and obstructing a peace officer 45-7-302 MCA. J.R. parents were never called and he was released to Kathy and Larry Skogen on site. J.R. was not prosecuted for either charge (the only one not prosecuted).

T. D. (16 yrs. old, friend of Skogens) refused breath test charged with MIP 45-5-624 MCA. T.D.requested Larry Skogen (as noted in Deputy Scott Mercer's report). T.D. parents were called and he was released to them on site. T.D. MIP was dismissed in December or January.

S.M. (15 yrs. old Friend of Skogens) was reqeusted to take breath sample. S.M. blew and had no detectible trace of alcohol. S.M. was released to Larry and Kathy Skogen. NOTE: S.M. parents were called and asked if S.M. would provide a breath sample. This happened after deputy Burnett interacted with Larry Skogen. Before in Officer Brunett's report, when Larry told Brunett he had to ask S.M. Parents, he stated <u>"I didn't have to as he may be a minor in possession of alcohol."</u>

2. The Defendants involved to count one are Officer Kosola for arresting Larry Skogen for telling his Nephew that he did not have to provide a breath sample and for telling his nephew to give his name and request his parents. Also Officer Hecker for arresting Jace for telling him he would not provide a breath sample. The officers used the obstructing statue to criminalize constitutional righgts

COUNT 2: violation of Fourth amendment right

1 the Plaintiffs reclaims and states all the elements laid out in count 1 under "statement of supporting facts".

2 Officer Hecker violated Jace's fourth amendment right by unlawfully seizing and arresting Jace and Larry's rights for arresting Jace due to the statutory language of the Montana youth court act and the Mip statue
Officer Kosola violated Larry's fourth amendment right by unlawfully seizing and arresting Larry

COUNT 3: violation of fifth amendment rights

1 the Plaintiffs reclaims and states all the elements laid out in count 1 under "statement of supporting facts".

2. Officer Hecker violated Jace's fifth amendment right by arresting Jace for not providing a breath sample and Larry's rights for arresting Jace due to the statutory language of the Montana youth court act and the Mip statue

COUNT 4: violation of fifth amendment rights

    1 the Plaintiffs reclaims and states all the elements laid out in count 1 under "statement of supporting facts".

    2 Officer Hecker violated Jace's fifth amendment right by seizing Jace's wrist band without any lawful authority

Count 5 : violation of sixth amendment rights

1 the Plaintiffs reclaims and states all the elements laid out in count 1 under "statement of supporting facts".

2 Oficer Hecker violated Jace's sixth amendment right by denying his request to talk to his parent before he questioned him and arrested him for obstructing and Mip. Hecker also violated Larrys due to the statutory language of the Montana youth court act and the Mip statue

Count 6 violation of fifth and fourteenth amendment rights

1. the Plaintiffs reclaims and states all the elements laid out in count 1 under "statement of supporting facts".

2.Steve Haddon violated Larry's rights by maliciously prosecuting Larry for almost a year for obstructing a peace officer. To then only dismiss the case on the day before the Fifth Judicial Court would rule on the constitutionality of the statue.

                            V.       INJURY

Larry Skogen and Jace Skogen received injury from the unlawful arrest, these injuries include embarrassment and emotional stress from being arrested in a crowd of thousands with hundreds gathered around watching. Larry and received injury for court cost defending himself, helping to defend Jace as he was not allowed appointed counsel and our family could not afford an attorney. Larry and Jace (Jace works for his dad) lost time on work and work itself. Larry and Jace received injury from officer Hecker cutting off and taking Jace's concert ticket. This caused us to miss concert and added extra stress with dealing with the officers

                        VII.       REQUEST FOR RELIEF

  The plaintiffs request a declaration from this Court that 45-7-302 MCA is unconstitutional and that it is vague and over broad on its face and/or as applied to the Skogens (particularly part 2 )
The Plaintiffs request reimbursement for concert tickets in the amount of $354.00
The Plaintiffs request damages in the amount of $429.00 for cost in defending himself.
The plaintiffs request damages in the amount of $ 14000.00 for embarrassment and emotional stress
The Plaintiffs request damages in the amount of $ 1600.00 for lost work.
The Plaintiffs request punitive damages
The Plaintiff request nominal damages
The plaintiff request an injunction of Jefferson county Law enforcement and Montana law enforcement in general from requesting breath samples without first allowing the minor to talk to his parent or guardian.
The Plaintiffs request reimbursement of court cost/filling fees
The plaintiff request any other remedy this Court see's fit or deserving
*paintiffs last name    Skogen*                                              page 5 of 6

VIII. PLAINTIFF'S DECLARATION

A. I understand I must keep the Court informed of my current mailing address and my failure to do so may result in dismissal of this Complaint without notice to me.

B. I understand the Federal Rules of Civil Procedure prohibit litigants filing civil complaints from using certain information in documents submitted to the Court. In order to comply with these rules, I understand that:

• social security numbers, taxpayer identification numbers, and financial account numbers must include only the last four digits (e.g. xxx-xx- 5271, xx-xxx5271, xxxxxxxx3567); • birth dates must include the year of birth only (e.g. xx/xx/2001); and • names of persons under the age of 18 must include initials only (e.g. L.K.).

If my documents (including exhibits) contain any of the above listed information, I understand it is my responsibility to black that information out before sending those documents to the Court.

I understand I am responsible for protecting the privacy of this information.

C. I understand the submission of a false statement or answer to any question in this complaint may subject me to penalties for perjury. I declare under penalty of perjury that I am the Plaintiff in this action, I have read this complaint, and the information I set forth herein is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

_____ 6/27/16 _____ Signature of Plaintiff

_Joe Skogen_ 6/27/16 _____ Signature of Plaintiff

*Plaintiffs last name   Skogen*                                            page 6 of 6