IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LARRY SKOGEN and JACE SKOGEN, <br><br> Plaintiffs, <br><br> vs. <br><br> DAVID KOSOLA, AUSTIN HECKER, STEVE HADDON, and STATE OF MONTANA, <br><br> Defendants. | CV-16-50-H-DLC-JTJ <br><br><br> **Findings and Recommendations of United States Magistrate Judge** |

## I. Synopsis

Pro se plaintiffs Larry and Jace Skogen filed a Complaint under 42 U.S.C. § 1983 alleging Defendants committed multiple violations of their constitutional rights and seeking a declaration that Montana Code Annotated § 45-7-302 is unconstitutional. Defendants filed a Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) arguing (1) the applicable statute of limitations bars Counts 1–5 of the Complaint; (2) the doctrine of absolute immunity bars recovery on Count 6; and (3) the Skogens failed to serve the State of Montana as required to challenge the constitutionality of Montana Code Annotated § 45-7-302.

Defendants argue in the alternative that the Skogens failed to state a claim for which relief may be granted because (1) the officers have qualified immunity for Count 1; (2) probable cause bars recovery on Count 2; (3) no Fifth Amendment rights were implicated in Count 3 ; (4) Jace Skogen has a meaningful post-deprivation remedy that bars recovery on Count 4; (5) the facts alleged do not support Count 5; and (5) Count 6 fails as a matter of law because the doctrine of absolute immunity applies.

The Court finds (1) the applicable statute of limitations does not bar Counts 1–5; (2) the allegations in the Complaint do not establish that the officers are protected by qualified immunity for Count 1; (3) the allegations in the Complaint do not establish that the officers are protected by qualified immunity for Count 2; (4) the Skogens fail to state a claim for relief on Count 3 because no statements were used against Jace at trial, (5) Jace Skogen has a meaningful post-deprivation remedy that bars recovery on Count 4; (6) under the facts alleged in the Complaint, Count 5 fails as a matter of law; (7) Count 6 fails as a matter of law; and (8) The Skogens failed to serve the State of Montana as required to challenge the constitutionality of Montana Code Annotated § 45-7-302. The Court therefore recommends that the district court grant the defendants' motion as to Counts 3, 4, and 6 deny the motion as to all other counts.

## II. Status

Defendants filed their Motion to Dismiss for Failure to State a Claim on December 7, 2016. (Doc. 10.) Chief United States District Judge for the District of Montana Dana Christensen referred the motion to the undersigned under 28 U.S.C. § 636(b)(1)(B) to conduct a hearing and issue findings and recommendations. Plaintiffs filed their response brief on December 27, 2016. (Doc. 12.) Defendants filed their reply brief on January 11, 2017. (Doc. 13.) The Court conducted a hearing on the motion on April 20, 2017. (Doc. 16.) Defendants filed a Clarification of Statute of Limitations Argument on April 25, 2017, conceding that the applicable statute of limitations does not bar the Skogens' claims in Counts 1-5. (Doc. 17.) The motion is ripe for decision.

## III. Standards

### 1. Motion to Dismiss Under Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) allows a party to move for dismissal when the allegations of a pleading do not state a claim upon which relief can be granted. A pleading fails to state a claim upon which relief may be granted when it depends on a legal theory that is not cognizable as a matter of law, or when it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir.1996).

To survive a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint will survive a motion to dismiss if it alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If, however, the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory," then dismissal under Rule 12(b)(6) is appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir.2008). Where, as here, a plaintiff is proceeding pro se, the court should construe the pleadings liberally. *See Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir.1988). As a general rule, "a court may not consider material beyond the complaint in ruling on Fed.R.Civ.P. 12(b)(6) motion." *Intri–Plex Technologies v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir.2007).

## 2. 42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 provides a damages remedy against state officials for the violation of a person's federal constitutional or statutory rights. *Kalina v. Fletcher*, 118 S.Ct. 502, 506 (1997). Congress did not provide a specific statute of limitations to govern § 1983 claims. *Owens v. Okure*, 109 S.Ct. 573, 576 (1989).

Instead, the statute of limitations for § 1983 claims mirrors that of state law personal injury claims. *Id*. If a state has multiple statutes of limitations for personal injury claims, courts must use the general or residual statute for personal injury actions. *Id*. at 581. In Montana, the general statute for personal injury actions gives a plaintiff three years to file an action. Mont. Code Ann. § 27-2-204.   When, as here, a claim under § 1983 is based upon an alleged unlawful arrest, the claim is barred if probable cause exists for the arrest.  *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). Probable cause to believe a person has committed any crime precludes a false arrest claim, even when the person was arrested on other charges that lacked probable cause. *Ewing v. City of Stockton*, 588 F.3d 1218, 1230 n.19 (9th Cir. 2009) (quoting *Holmes v. Village of Hoffman Estate*, 511 F.3d 673, 682 (7th Cir. 2007)). Probable cause does not require an actual showing of criminal activity, it merely requires a probability or substantial chance that such activity has occurred.  *Illinois v. Gates,* 103 S. Ct. 2317, 2335 fn. 13 (1983). Under Montana law, probable cause exist when the facts and circumstances within an officer's personal knowledge would cause a reasonable person to believe someone is committing or has committed an offense. *State v. Williamson,* 1998 MT 199, ¶ 12, 290 Mont. 321, 965 P.2d 231.

Law enforcement officers enjoy qualified immunity from § 1983 claims in certain circumstances. A deputy sheriff performing his discretionary functions is

protected from liability for claims made under § 1983 if the applicable state law did not put the deputy on notice that his conduct would be clearly unlawful. *Saucier v. Katz*, 533 U.S. 194, 202 (2001).  Qualified immunity applies "even if a reasonable mistake as to the legality of an officer's actions occurs." *Haynie v. County of Los Angeles*, 339 F.3d 1071, 1077-1078 (9th Cir. 2003) (citing *Saucier v. Katz*, 533 U.S. 194, 206, 121 S .Ct. 2151 (2001)).

## IV. The Complaint's Allegations

This case began with the arrests of Larry and Jace Skogen at a music festival in Jefferson County, Montana, in 2013. Headwaters Country Jam is an annual three-day music festival held near Three Forks, Montana. Some of the festival's attendees buy wristbands that allow the wearer to attend each day of the festival and to camp out on the festival grounds for the weekend. Larry Skogen, his son, Jace, and his wife, Kathy, attended the festival on June 28, 2013, along with one of Jace's friends and two of Larry's nephews. (Doc. 1 at 2.)

That evening, Jefferson County Reserve Deputy Austin Hecker approached a camp site where Jace, his friend SM, and Larry's nephews TS and JR were hanging out with other festival attendees and ordered everyone to stay at the camp site, called for backup, and began requesting breath samples from the campers. (*Id.*) The first person Deputy Hecker requested a breath sample from was JR. (*Id.*) JR

refused to provide a breath sample. Deputy Hecker arrested him for obstructing a peace officer and minor-in-possession of alcohol. Deputy Hecker then handcuffed him and sat him down on the ground. (*Id*.)

When TS saw JR being arrested, he used his cell phone to call his dad. (*Id*.) When Deputy Hecker noticed him on the phone, he confiscated the phone and told him that he could not make calls. (*Id*.) Around this time, other Jefferson County deputies arrived at the camp site. The deputies placed TS in a patrol car and requested a breath sample from him. (*Id*.) He refused and was cited for obstructing a peace officer and minor-in-possession of alcohol. (*Id*.)  When JR saw Deputy Hecker take TS's phone, he stood up and said that TS had the right to call his dad. (*Id*.) Two deputies then slammed JR to the ground while a third deputy kneed him in the back and held him face-down on the ground. (*Id*.) Jace began yelling at the deputies to get off of JR. (*Id*.) Deputy Hecker then requested a breath sample from Jace. When Jace refused to provide the sample, Deputy Hecker arrested him for obstructing a peace officer and minor-in-possession of alcohol and placed him in a patrol car, where he remained until Deputy Hecker released him to his mother. (*Id*.) When Deputy Hecker released Jace, he used a pocket knife to cut off his concert wristband. (*Id*.)

While Jace was in the patrol car, a deputy asked Jace's friend SM for his

identification. SM told the deputy that his ID was in his car parked at the edge of the campground. (*Id*.) Two deputies began escorting SM to his car. Larry Skogen noticed the deputies escorting SM to his car and asked the deputies what was happening. (*Id*.) One of the deputies told Larry that SM had been at a campsite where there appeared to be minors drinking alcohol and they were going to take SM back to the campsite to give him a breath test. (*Id*.) Larry told the officers that SM had the right to refuse the breath test and that Larry would have to get in touch with SM's parents to see what they wanted to do. The Officers invited Larry to go back to the campsite with them. (*Id*. at 3.)

When Larry and the deputies arrived at the campsite, Larry noticed deputies attempting to give his nephew ER a breath test. (*Id*.) Larry told ER that he did not have to take the test. (*Id*.) A deputy then told Larry the leave the campsite. As Larry was walking away from the campsite, he noticed a deputy was still trying to give ER a breath test. Larry again told ER that he did not have to take the test. At that point, Deputy Kolsa again told Larry that he needed to leave the campsite. (*Id*.) Larry told Deputy Kolsa that the deputies were violating ER's constitutional rights and that ER was his nephew and he would advise him on how to handle the situation. (*Id*.) Deputy Kolsa then arrested Larry for obstructing a peace officer. (*Id*.)

## V. Analysis

Defendants argue that (1) the applicable statute of limitations bars Counts 1–5 of the Skogens' Complaint; (2) the doctrine of absolute immunity bars recovery on Count 6; and (3) Plaintiffs failed to serve the State of Montana as required to challenge the constitutionality of Montana Code Annotated § 45-7-302. Defendants argue in the alternative that the Skogens failed to state a claim for which relief may be granted in Count 1 because the officers had probable cause to arrest Larry and Jace, and in the alternative, the officers have qualified immunity for the arrest, and the complaint fails to state a claim for a First Amendment violation. As to Count 2, Defendants make the same probable cause and qualified immunity argument as they did in Count 1. As to Count 3, Defendants argue that no Fifth Amendment rights were implicated because none of Jace's statements were used against him at trial. As to Count Four, Defendants argue Jace Skogen has a meaningful post-deprivation remedy that bars recovery. As to Count 5, Defendants argue the alleged facts do not support a claim for a violation of Jace and Larry's Sixth Amendment rights. Finally as to Count 6, Defendants argue the claim fails as a matter of law because the doctrine of absolute immunity applies. Defendants also argue that the Skogens' claim that Montana Code Annotated § 45-7-302 is unconstitutional fails as a matter of law and the Skogens lack standing to bring the claim.

Defendants filed a Clarification of Statute of Limitations Argument on April 25, 2017, conceding that the applicable statute of limitations for Counts 1–5 does not bar the Skogens' claims. (Doc. 17.) The Skogens conceded during the motion hearing that Defendant Steve Haddon enjoys absolute immunity from the claim alleged against him in Count 6. Thus, the Court recommends that the district court grant Defendants motion as to Count 6 and will focus its analysis on Defendants' alternative arguments concerning Counts 1–5 and their argument as to the Skogens' claims that Montana Code Annotated § 45-7-302 is unconstitutional.

## 1. Count 1

In Count 1, the Skogens allege that Deputy Kosola violated Larry and Jace's First Amendment rights by arresting Larry for telling his nephew that he did not have to provide a breath sample and by arresting Jace for saying he would not provide a breath sample. (Doc. 1 at 2.) Defendants argue that these claims are barred because (1) the officers had probable cause to arrest Jace and Larry, (2) even if probable cause did not exist, the doctrine of qualified immunity protects the deputies, and (3) if qualified immunity does not protect the officers, Larry and Jace fail to state a viable claim for the violation of their First Amendment rights. (Doc. 11 at 17.) The Court disagrees.

As noted above, a claim under § 1983 based upon an alleged unlawful arrest

is barred if probable cause existed for the arrest. *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964–65 (9th Cir. 2001). Even if a court determines that probable cause did not exist, the doctrine of qualified immunity bars a claim if the officers had a reasonable belief that probable cause existed. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, if when the Court takes the allegations in the Skogen's complaint as true and determines that Deputies Hecker and Kosola had probable cause to arrest Larry and Jace or at least a reasonable belief that probable cause for their arrest existed, the Court must grant Defendant's motion. Based the allegations in the Skogen's Complaint, the Court cannot say that Deputies Hecker and Kosola had either probable cause or a reasonable belief that probable cause existed for the arrest of Larry and Jace.

Under Montana law, a person obstructs a peace officer when he knowingly "obstructs, impairs, or hinders the enforcement of the criminal law, the preservation of the peace, or the performance of a governmental function . . ." Mont. Code Ann. 45-7-302. The Skogens' Compliant alleges that Deputy Hecker arrested Jace for obstructing a peace officer after he refused to provide a breath sample. (Doc. 1 at 2.) The Court finds that the Complaint does not contain any additional allegations that would cause a reasonable person to believe that Jace was committing or had committed an offense when Deputy Hecker arrested him. The Complaint does not contain any allegations that Jace's conduct prevented the

deputies from conducting their investigation or that his conduct interfered with the deputies ability to perform their duties. Thus, the Court finds, based solely on the allegations in the Skogens' complaint, that Deputy Hecker did not have probable cause to arrest Jace.

The Skogens' Compliant also alleges that Deputy Kosola arrested Larry for obstructing a peace officer after he told his nephew that he did not have to provide a breath sample to the deputies and told the deputies that they were violating the campers' rights. (Doc. 1 at 2.) Defendants argues that Larry "forcefully tell[ing] other persons not to cooperate with the deputies" gave the deputies probable cause to believe Larry was violating the obstruction of a peace officer statute. (Doc. 11 at 15.) Yet, the Complaint does not allege that anyone actually refused to cooperate with the investigation based on Larry's speech. The Complaint also does not contain any allegations that Larry's speech prevented the deputies from conducting their investigation or ability to perform their duties.  Thus, the Court finds that based solely on the allegations in the Complaint, Deputy Kosola did not have probable cause for the arrest.

The Court also finds that the doctrine of qualified immunity does not barr Count 1 because, based solely on the allegations in the Complaint, a reasonable person would not have believed that probable cause existed for Jace's or Larry's

arrest. While qualified immunity protects police officers from a reasonable mistake as to the legality of their actions, the Court finds that, based solely on the allegations in the Complaint, it was not reasonable for the deputies to believe they could arrest Larry or Jace for the mere act of speaking.

Given that the Court finds that the deputies did not have probable cause to arrest Jace or Larry and that the deputies do not enjoy qualified immunity for the arrests, the Court turns to Defendants' argument that Larry and Jace failed to state a valid claim for a violation of their First Amendment rights.

The First Amendment provides people with the freedom of speech. U.S. Const. amend. I. Defendants argue that no legitimate free speech interest is implicated by an arrest under Montana's obstruction of a peace officer statute. (Doc. 11 at 17.) Yet, the cases Defendants cite to for support concern the validity of a similar statute. (*Id.*) Because the Court finds that the officers did not have probable cause to arrest the Skogens under Montana's statute, the validity of the statute does not factor into the Court's reasoning. Taking the allegations in the Complaint as true, the Court finds that Defendants arrested Larry and Jace for the mere act of speaking. The Court therefore recommends that Defendants' Motion be denied as to Count 1.

### 2. Count 2

In Count 2, the Skogens allege that Deputy Hecker violated Jace's Fourth Amendment rights by unlawfully arresting him. Larry alleges that Deputy Hecker's arrest of Jace also violated his Fourth Amendment rights because it violated the Montana Youth Court Act. (Doc. 1 at 4.) Larry further alleges that Deputy Kosola violated his Fourth Amendment rights by unlawfully arresting him. (*Id.*)

Defendants argue that they had probable cause to arrest Jace and Larry, and thus, no violation of either's Fourth Amendment rights occurred, or in the alternative that even if probable cause did not exist for the arrest of Jace and Larry, they are protected by qualified immunity because they reasonably believed the arrests of Jace and Larry were lawful. (Doc. 11 at 18.) Defendants further argue that Larry's claims against Deputy Hecker fail to allege more that bald assertion that Deputy Hecker violated his rights under the Montana Youth Court Act. (Doc. 11 at 19.) The Court agrees that Larry's allegations against Deputy Hecker fail to state a claim upon which relief may be granted because the allegations in the Complaint contain nothing more than a bald assertion that Deputy Hecker violated Larry's rights under the Montana Youth Court Act. Yet, as discussed above, because the Court finds that the deputies did not have probable cause to arrest Jace and Larry and that the doctrine of qualified immunity does not protect the deputies,

Jace's claims against Deputy Hecker and Larry's claim against Deputy Kosola are sufficient to survive a Rule 12(b)(6) motion. The Court therefore recommends that Defendants' motion be denied as to Jace's claim against Deputy Hecker and Larry's claim against Deputy Kosola in Count 2 and granted as to Larry's claims against Deputy Hecker in Counts 2 and 3.

### 3. Count 3

In Count 3, the Skogens allege that Deputy Hecker violated Jace's Fifth Amendment rights by unlawfully arresting him. Larry alleges that Deputy Hecker's arrest of Jace also violated his Fifth Amendment rights because it violated the Montana Youth Court Act. (Doc. 1 at 4.) Defendants argue that the Skogens are conflating the notice requirement of the Montana Youth Court Act with the right against self-incrimination protected by the Fifth Amendment and that even if that comparison was proper, no Fifth Amendment violation occurred. The Court agrees with the defendants.

The Fifth Amendment protects against self incrimination. U.S. Const. amend V.  This protection is a fundamental trial right. No violation of the Fifth Amendment occurs until statements or evidence police obtained prior to advising a person of this right is used against a person at trial. *U.S. v. Patane*, 542 U.S. 630, 641 (2004). The mere failure to provide a warning against self-incrimination as

required by the Fifth Amendment is not grounds for a § 1983 claim. *Chavez v. Martinez*, 538 U.S. 760, 767, 770 (2003).

Here, the Skogens' complaint does not allege that any statements Jace made while detained were later used against him at trial. Thus, the Court finds that as a matter of law, Jace has not alleged a Fifth Amendment violation and recommends that the district court grant Defendants' motion as to Count 3.

The Court likewise finds that Larry's claim that Jace's arrest violated his Fifth Amendment rights because Deputy Hecker did not notify Larry of the arrest fails as a matter of law. Larry offers allegations to support his position that a violation of the Montana Youth Court Act is grounds for a § 1983 claim. To the extent a violation of the Montana Youth Court Act's parental notification requirement could be construed as a Fifth Amendment violation, the Complaint also alleges that Jace's mother, Kathy, was notified of Jace's arrest. (Doc. 1 at 2.) The Court therefore recommends that the district court grant Defendants' motion as to Larry's claim in Count 3.

### 4. Count 4

In Count 4, Jace alleges that Deputy Hecker violated his Fifth Amendment rights by cutting off his concert wristband when he released him from custody. (Doc. 1 at 5.) Defendants argue Jace's claim fails because (1) Deputy Hecker

returned the wristband to Jace that evening and therefore no actual deprivation of property occurred, and (2) Jace has a "meaningful post-deprivation remedy" under the Montana Tort Claims Act for any unauthorized and intentional deprivation of property that may have occurred.  The Court finds that although an actual deprivation did occur, the Montana Tort Claims Act provides Jace with a meaningful post-deprivation remedy. Therefore, Jace does not have a valid claim for the deprivation under § 1983.

Under the Fifth Amendment, the government may not deprive a person of property without due process. U.S. Const. amend V. Jace alleges that Deputy Hecker cutoff his concert wristband when he released him to his mother. (Doc. 1 at 2.) He then alleges that Deputy Hecker brought him a replacement wristband. (*Id*.) Jace's original wristband gave him access to all three days of the festival. (*Id*.) The wristband Deputy Hecker gave him was only good for one day and only allowed Jace to see one song of that evening's performances. (*Id*.) The Court finds that based on the allegations in the Complaint, Deputy Hecker deprived Jace of the value of his wristband without due process.

Defendants argue that even if Deputy Hecker did deprive Jace of his property, his claim fails because Jace has a meaningful post-deprivation remedy under the Montana Tort Claims Act. (Doc. 11 at 20.) The Court agrees.

When an officer intentionally deprives a person of his property it does not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 532 (1984).  Here, the Montana Tort Claims Act provides this meaningful post-deprivation remedy to Jace. Under the Act, government entities are liable for their torts and those of their employees acting within the scope of their employment. Mont. Code Ann. 2-9-102. The Court finds that because Jace can recover the full value of his wristband by filing a claim under the Act, his § 1983 claim against Deputy Hecker fails as a matter of law. The Court recommends that the District Court grant Defendants' motion as to Count 4.

**4. Count 5**

In Count 5, Jace alleges that Deputy Hecker violated his Sixth Amendment rights by not allowing him to speak with his mother before he questioned him after his arrest for obstruction. (Doc. 1 at 5.) Defendants argue this claim fails because (1) Deputy Hecker released Jace to his mother before obtaining any information from him; and (2) a request to speak to one's parents is not the legal equivalent of a request to speak to an attorney. (Doc. 11 at 22.) The Court agrees with the defendants.

The Sixth Amendment gives a person the right to assistance of counsel in all

federal criminal prosecutions that may result in imprisonment. U.S. Const. amend VI. The Fourteenth Amendment makes this right obligatory in state criminal prosecutions. *Gideon v. Wainwright*, 83 S.Ct. 792, 795 (1960). The right to counsel attaches in critical stages in a criminal prosecution once the State has begun judicial proceedings against a person either by way of a "formal charge, preliminary hearing, indictment, information, or arraignment." *Brewer v. Williams*, 97 S.Ct. 1232 , 1239 (1977). The Sixth Amendment right to counsel does not attach at the time of arrest. *United States v. Goeveia*, 467 U.S. 180, 190 (1984).

Jace alleges that Deputy Hecker asked him to provide a breath sample, arrested him when he refused, and placed him in a patrol car for a long period of time until Deputy Hecker returned with his mother, Cathy. (Doc. 1 at 2-3.) The Court finds that Jace had no Sixth Amendment right to counsel at the time he was arrested and recommends that the district court grant Defendants motion as to Count 5.

## 5.  The constitutionality of Montana's obstructing a peace officer statute.

The Skogens seek a declaration from the Court that Montana Code Annotated § 45-7-302 is unconstitutional because it is "vague and over broad on its face and/or as applied to the Skogens." (Doc. 1 at 5.) The Skogens named the State

of Montana as a defendant in this action. Yet, they did not properly serve the State. Defendants argue that this failure to serve the State of Montana is fatal to the Skogens' claim because the State is a necessary party. (Doc. 11 at 23.) Defendants also argue that even if the State is not a necessary party, the Skogens lacks standing to challenge the validity of the statute because the charges against them were dismissed. (*Id.*) The Court agrees that the State of Montana is a necessary part to this action and that the Skogens' failure to serve the State is fatal to their claim.

Rule 5.1 of the Federal Rules of Civil Procedure requires that a person challenging the constitutionality of a State statute file a notice of constitutional question and serve the notice on the state attorney general. Fed. R. Civ. P. 5.1. A plaintiff has ninety days from the day a complaint is filed to serve a party. Fed. R. Civ. P. 4(m).  At oral argument, the Skogen's conceded that they failed to serve the State within the required time frame. (Doc. 16.) Thus, the Court finds that their challenge of Montana's obstructing a peace officer statue fails as a matter of law.

For the above reasons discussed above, the Court issues the following findings and recommendations:

The Court finds:

1.    Based solely on the allegations in the Complaint, Deputies Hecker and Kosola did not have probable cause to arrest Larry and Jace and are not protected by qualified immunity for Counts 1 and 2;

2.    The Complaint fails to state a claim for relief on Count 3 because

there are no allegations that any statements were used against Jace at trial;

3.      Jace Skogen has a meaningful post-deprivation remedy that bars recovery on Count 4;

4.      The allegations in the Complaint fail to state a valid claim in Count 5;

5.      Count 6 fails as a matter of law because the doctrine of absolute immunity protects Defendant Steve Haddon from the claim; and

6.      The Skogens failed to properly serve the State of Montana as required to challenge the constitutionality of Mont. Code Ann. § 45-7-302

The Court recommends that the district court:

1.      Deny Defendants' motion as to Counts 1 and 2;

2.      Grant Defendants' motion as to Count 3, 4, 5, and 6.

Dated the 12th day of June 2017.


_____
John Johnston
United States Magistrate Judge