IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LARRY SKOGEN and JACE SKOGEN,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID KOSOLA, AUSTIN HECKER, STEVE HADDON, and STATE OF MONTANA,<br><br>Defendants. | CV 16–50–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered Findings and Recommendations in this case on June 12, 2017, recommending that Defendants' motion to dismiss Counts 1 and 2 be denied, and further recommending that Defendants' motion to dismiss Counts 3, 4, 5, and 6 be granted. Plaintiffs Larry Skogen ("Larry") and Jace Skogen ("Jace") timely filed an objection to the Findings and Recommendations, and so are entitled to de novo review of those findings and recommendations to which they specifically object. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v.*

-1-

*Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Notwithstanding the above, "[w]here a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

## BACKGROUND

In June 2013, Larry and Jace were attending Headwaters Country Jam, a three-day music festival in Jefferson County, Montana, when they were arrested. The arrests lead to the charges in this case. Attendees to Headwaters Country Jam purchase wristbands to obtain entry into the festival for the desired number of days of which they are attending. Jace possessed a wristband allowing entry for all three days of the festival. Larry, Larry's son, Jace, and Larry's wife, Kathy, attended the festival, along with one of Jace's friends and two of Larry's nephews. (Doc. 1 at 2.)

On the first evening of the festival, June 28, 2013, Jefferson County Reserve Deputy Austin Hecker approached a camp site where Jace, his friend SM, and Larry's nephews TS and JR were hanging out with other festival attendees. Deputy Hecker ordered everyone to stay at the camp site, called for backup, and then began requesting breath samples from the minors at the campsite. Deputy Hecker requested JR and TS provide a breath sample and both refused. Deputy Hecker cited JR and TS for obstructing a peace officer and minor-in-possession of alcohol. Around this time, other Jefferson County Deputies arrived at the campsite. Jace was then requested to provide a breath sample, but refused. Deputy Hecker arrested him, cited him for obstructing a peace officer and minor-in-possession of alcohol, and then placed him in a patrol car until he was released to his mother. Upon release to his mother, Deputy Hecker used a pocket knife to cut off Jace's three-day concert wristband. (*Id.*)

While Jace was in the patrol car, a deputy asked SM for his identification. SM informed the deputy that his ID was in his car parked at the edge of the campground. As two deputies escorted SM to his car, Larry noticed and asked the deputies what was happening. The officers explained that SM had been at a campsite where there appeared to be minors drinking alcohol and they were going to obtain SM's ID and then request a breath sample. Larry informed the officers

that SM had the right to refuse the breath test and further relayed to the officers that he would contact SM's parents to determine how SM should proceed. The deputies then invited Larry to go back to the campsite with them.

After returning back to the campsite with the deputies, Larry noticed an officer attempting to give his nephew, ER, a breath test. (*Id.* at 3.) Larry told ER he did not have to take the test. An officer then told Larry to leave the campsite. Larry informed Jefferson County Deputy David Kosola that the deputies were violating ER's constitutional rights and that ER was his nephew so he would advise him on how to handle the situation. Deputy Kosola then arrested Larry for obstructing a peace officer.

Larry was tried and convicted in Justice Court for Jefferson County, Montana, on the charge of obstructing a peace officer in violation of Montana Code Annotated § 45–7–302. Larry appealed his conviction to the Montana Fifth Judicial District Court. Larry was offered a plea agreement in District Court, to which he refused. The District Court dismissed the charge on June 4, 2014.

Jace entered a plea of not guilty to the charge of obstructing a peace officer in violation of Montana Code Annotated § 45–7–302, and possession of intoxicating substance in violation of Montana Code Annotated § 45–5–624. The Justice Court for Jefferson County dismissed the obstructing a peace officer

charge. Jace appeared in the Montana Fifth Judicial District Court on the possession of intoxicating substance charge. The District Court ultimately dismissed this charge, as well.

Larry and Jace Skogen (collectively "the Skogens") filed a Complaint under 42 U.S.C. § 1983 alleging that Defendants committed multiple constitutional violations. (Doc. 1.) In Count 1, the Skogens allege that Deputy Kosola violated their First Amendment rights when arresting Larry for telling his nephew that he did not have to provide a breath sample and arresting Jace for saying that he would not provide a breath sample. (Doc. 1 at 2.) In Count 2, the Skogens allege that Deputy Hecker violated Jace's Fourth Amendment rights by unlawfully arresting him, and that Deputy Kosola violated Larry's Fourth Amendment rights by unlawfully arresting him. The Skogens further allege that Deputy Hecker's arrest of Jace also violated Larry's rights because it violated the Montana Youth Court Act. In Count 3, the Skogens allege that Deputy Hecker violated Jace's Fifth Amendment rights by unlawfully arresting him, which also violated Larry's rights under the Montana Youth Court Act. In Count 4, Jace alleges that Deputy Hecker violated his Fifth Amendment rights by cutting off his concert wristband when he released him from custody. (Doc. 1 at 5.) In Count 5, Jace alleges that Deputy Hecker violated his Sixth Amendment rights by not allowing him to speak with his

mother before being questioned after his arrest for obstruction. (Doc. 1 at 5.)

Lastly, the Skogens seek a declaration from this Court that Montana Code Annotated § 45–7–302 is unconstitutional. Judge Johnston's finding and recommendation on this issue is the bases for the Skogens' subsequent objection. (Doc. 21.) Defendants did not object to the Findings and Recommendations, but filed a response to the Skogens' objection. (Doc. 22)

## STANDARD

The Federal Rules of Civil Procedure allow for dismissal when the allegations in the pleading "fail[] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Thus, in order to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" *Id.*, 556 U.S. at 679, *quoting* Fed. R.Civ. P. 8(a)(2). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*,

556 U.S. at 664. Nonetheless, a court may dismiss a complaint if it lacks a cognizable legal theory." *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 782–783 (9th Cir. 1996). "All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *Id.*

## DISCUSSION

### I. Count 1

The Defendants argue that the claims brought under Count 1 are barred because the officers had probable cause to arrest Jace and Larry, or in the alternative, that even if probable cause did not exist for the arrests, they are protected by qualified immunity because they reasonably believed the arrests of both Larry and Jace were lawful. If qualified immunity does not protect the officers, the Defendants argue that Larry and Jace fail to state a viable claim for a violation of their First Amendment rights. (Doc. 18 at 10, 14.)

A claim under § 1983 based upon an alleged unlawful arrest is barred if probable cause existed for the arrest. *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964–65 (9th Cir. 2001). Even if a court determines that probable cause did not exist, the doctrine of qualified immunity bars a claim if the officers had a reasonable belief that probable cause existed. *Harlow v. Fitzgerald*,

457 U.S. 800, 818 (1982). Thus, if the Court determines that the deputies had probable cause, or at least a reasonable belief of probable cause to arrest Larry and Jace, the Court must grant Defendant's motion to dismiss Count 1.

Under Montana law, a person obstructs a peace officer when he knowingly "obstructs, impairs, or hinders the enforcement of the criminal law, the preservation of peace, or the performance of a government function . . ." Mont. Code Ann. 45–7–302 (2015). The Skogens allege that Deputy Hecker arrested Jace for obstructing a peace officer after he refused to provide a breath sample. (Doc. 1 at 2.) The Court does not find any additional allegations that would cause a reasonable person to believe that Jace's conduct had obstructed a peace officer or hindered the deputies from their ability to perform their duties. Thus, Deputy Hecker did not have probable cause to arrest Jace.

The Skogens also allege that Deputy Kosola arrested Larry for obstructing a peace officer after Larry told his nephew that he did not have to provide a breath sample to the deputies and after telling the deputies they were violating the campers' rights. (Doc. 1 at 2.) The Defendants argued that they had probable cause to believe Larry was violating the obstruction of a peace officer statute because Larry was "forcefully tell[ing] other [persons] not to cooperate with the deputies." (Doc. 11 at 15.) However, the Complaint does not contain any

allegations that Larry's speech resulted in campers actually refusing to cooperate with the investigation, nor did the allegations contend that the speech prevented the deputies from conducting and performing their investigative duties. Based on the allegations in the Complaint, Deputy Kosola did not have probable cause to arrest Larry.

Further, based on the allegations in the Complaint, a reasonable person would not have believed that probable cause existed for the Skogens' arrests. While qualified immunity protects police officers from a reasonable mistake as to the legality of their actions, it was not reasonable for the deputies to believe they could arrest Larry and Jace for speaking.

Judge Johnston concluded that the deputies did not have probable cause to arrest the Skogens and, further, that it was unreasonable to believe they could arrest the Skogens for the mere act of speaking. (*Id.* at 12–13, 14–15.) The First Amendment provides people with the freedom of speech. U.S. Const. amend. I. Defendants argue that no legitimate free speech interest is implicated by the arrest under Montana's obstruction of a peace officer statute because the "charge of a violation of § 45–7–302 was not due to the *act* of speaking, rather the arrest and charge were obviously based upon the *content* of the speech." (Doc. 11 at 17.) Defendants argue that because "it was the nature of the speech, not the act of

speaking, that generated the arrest and charge, no legitimate free speech interest was implicated." *Id.*; *United States v. Fulbright*, 105 F. 3d 443, 452 (9th Cir. 1997); *see also, State v. Carter*, 2002 WL 1485347, *1 (Ct. App. Ohio 2002). The cases Defendants cite to for support relate to the validity of a similar statute, not Montana Code Annotated § 45–7–302. Thus, because the Court finds that the officers did not have probable cause to arrest the Skogens under Montana law, the validity of the similar statute does not factor into the Court's reasoning. This Court agrees with Judge Johnston's findings that the officers arrested the Skogens for the mere act of speaking. This Court finds that the deputies did not have probable cause to arrest the Skogens and, consequently, the doctrine of qualified immunity does not protect the deputies. Jace's claim against Deputy Hecker and Larry's claim against Deputy Kosola are sufficient to survive the 12(b)(6) motion. Therefore, Defendants' motion to dismiss Count 1 is denied.

## II.   Count 2

In Count 2, similar to Count 1, the Defendants again argue that they had probable cause to arrest the Skogens and did not violate their Fourth Amendment rights. In the alternative, Defendants argue that even if probable cause did not exist for the arrest of Jace and Larry, Defendants are protected by qualified immunity because they reasonably believed the arrests were lawful. (Doc. 11 at 18.)

Defendants also argue that Larry's claims against Deputy Hecker fail to allege more than just a bald assertion that Deputy Hecker violated Larry's rights under the Montana Youth Court Act.

This Court agrees with Judge Johnston's finding that Larry's allegation fails to state a claim upon which relief may be granted because he does not provide any allegations or support that Deputy Hecker violated his rights under the Montana Youth Court Act.[1]

However, as analyzed under Count 1, the deputies did not have probable cause to arrest the Skogens and the doctrine of qualified immunity does not protect the deputies. Thus, Jace's Fourth Amendment claim against Deputy Hecker and Larry's Fourth Amendment claim against Deputy Kosola are sufficient to survive the 12(b)(6) motion. However, Larry's claim against Officer Hecker alleging a violation of his rights under the Montana Youth Court Act is dismissed. Therefore, Defendant's motion to dismiss Count 2 is denied in part regarding Larry's and Jace's Fourth Amendment claims against Deputy Kosola and Deputy

---

[1] Pursuant to the Complaint the Skogens state "Officer Hecker violated. . . Larry's rights for arresting Jace due to the statutory language of the Montana [Y]outh [C]ourt [A]ct." (Doc. 1 at 4.) Defendants argue that the claim "does not give Defendants the requisite 'fair notice' of what Mr. Skogen's claim is and the grounds on which it rests and thus cannot survive a Motion to Dismiss. (Doc. 11 at 19) Defendant's further contend that if the "rights" Mr. Skogen is referring to are those rights afforded by § 41–5–331, the right belongs to the youth, not the parents. (*Id.*)

Hecker, respectively, and is granted in part regarding Larry's claim that Deputy Hecker violated his rights under the Montana Youth Court Act.

### III.  Count 3

Defendants argue in Count 3 that Larry's claim that Jace's arrest violated his own right under the Montana Youth Court Act and Jace's claim that his own arrest violated his Fifth amendment rights do not state actual claims for which relief can be sought. The Fifth Amendment protects against self incrimination. U.S. Const. amend. V. No violation of the Fifth Amendment occurs until statements or evidence police obtain prior to advising the person of this right is used against a person at trial. *U.S. v. Patane*, 542 U.S. 630, 641 (2004).

Here, the Skogens do not allege that any statements Jace made while detained were later used against him at trial. Further, Larry's claim that Jace's arrest violated his Fifth Amendment rights because Deputy Hecker did not notify Larry of Jace's arrest fails as a matter of law. Larry's right to notification under the Montana Youth Court Act is not violated here as Jace's mother was notified of the arrest. Thus, as a matter of law, Jace has not alleged a proper Fifth Amendment violation, and Larry's rights were not violated by the arrest of Jace. Thus, Count 3 is dismissed.

## IV. Count 4

Regarding Count 4, Defendants argue that Jace's Fifth Amendment claim fails as a matter of law because the Montana Tort Claims Act provides Jace a meaningful post-deprivation remedy for a loss of property. Under the Fifth Amendment, the government may not deprive a person of property without due process. U.S. Const. amend. V. When an officer intentionally deprives a person of his property, it does not violate the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 532 (1984). Under the Montana Tort Claims Act, government entities are liable for their torts and those of their employees acting within the scope of their employment. Mont. Code Ann. 2–9–102 (2015).

Although Judge Johnston concluded that Deputy Hecker deprived Jace of the value of the wristband without due process, Jace's claim fails because he has a meaningful post-deprivation remedy under the Montana Tort Claims Act. Thus, because Jace can recover the full value of his wristband by filing a claim under the Tort Act, his § 1983 action against Deputy Hecker fails as a matter of law. Count 4 is dismissed.

## V. Count 5

Regarding Count 5, Defendants argue that Jace's Sixth Amendment right was not violated during his arrest because Deputy Hecker released him to his mother before obtaining any information from him. Further, Defendant's argue that a request to speak to one's parent is not the legal equivalent of a request to speak to an attorney.

The Sixth Amendment gives a person the right to assistance of counsel in all federal criminal prosecutions that may result in imprisonment. U.S. Const. amend. VI. The Fourteenth Amendment makes this right obligatory in state criminal prosecutions. *Gideon v. Wainwright*, 372 U.S. 335 (1963). Further, the Sixth Amendment right to counsel does not attach at the time of arrest, but rather attaches in the critical stages of the criminal prosecution once the State has begun judicial proceedings against a person either by way of a "formal charge, preliminary hearing, indictment, information, or arraignment." *United States v. Gouveia*, 467 U.S. 180, 190 (1984); *see also, Brewer v. Williams*, 430 U.S. 387 (1977). The Complaint alleges that after Jace refused Deputy Hecker's request for a breath sample, Deputy Hecker placed him in the back of a patrol car until Deputy Hecker returned with his mother. This Court finds that Jace had no Sixth

Amendment right to counsel at the time he was arrested. Thus, Count 5 is dismissed.

## VI. The Skogens' failure to properly serve the State of Montana to challenge the constitutionality of Montana Code Annotated § 45–7–302.

The Skogens seek a declaration from this Court that Montana Code Annotated § 45–7–302 is unconstitutional because it is "vague and over broad on its face and/or as applied to the Skogens." (Doc. 1 at 5.) The Skogens named the State of Montana as a Defendant in this action. However, they did not properly serve the State pursuant to Rule 5.1 of the Federal Rules of Civil Procedure. At oral argument, the Skogens conceded that they failed to serve the State within the required time frame. (Doc. 16.) The only objection made by the Skogens relates to Judge Johnston's finding and recommendation to dismiss their challenge to the constitutionality of Montana Code Annotated § 2–9–305(3). (Doc. 21.)

In their objection, the Skogens argue that because Defendants David Kosola and Austin Hecker work for a political subdivision of the State, they believed that "Defendants would notify the appropriate people under MCA 2-9-305(3) and that this would satisfy rule 5.1." (Doc. 21 at 2.) The Skogens further argue that "the State may not have to be a "necessary party" to a constitutional challenge to a statu[t]e." *Id.*

Rule 5.1 requires a party challenging the constitutionality of a state statute to file a notice of constitutional question and serve the notice on Montana's Attorney General. Fed. R. Civ. P. 5.1. A plaintiff has ninety days from the day a complaint is filed to serve a party. Fed. R. Civ. P. 4(m). When the Attorney General does not receive proper notice of the challenge, the party asserting the challenge to the statute's constitutionality has failed to meet the mandates of Rule 5.1. The Skogens' contention that Defendants would notify the appropriate persons as provided by Montana Code Annotated § 2–9–305(3) does not apply, as that statute only requires an employee receiving a summons and complaint in a noncriminal action against an employee to "give written notice to the employee's supervisor" and does not require the necessary notice to the Montana's Attorney General. Mont. Code Ann. § 2–9–305(3). Serving the State of Montana and giving notice to the Attorney General are necessary to this action and the Skogens' failure to serve the State is fatal to their claim. Thus, Count 6 is dismissed.

Analyzing the remainder of Judge Johnston's Findings and Recommendations for clear error, and finding none,

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 18) is ADOPTED IN FULL. The Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Count 1 remains in full. Count 2

remains as it relates to Larry's and Jace's Fourth Amendment right violations. Count 2 is dismissed in part as it relates to the alleged violation of Larry's rights for the arrest of Jace under the Montana Youth Court Act. Count 3, 4, 5, and 6 are dismissed.

DATED this 10th day of October, 2017.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court